UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. _____

| | |
|---|---|
| AHNEIAH HENRY, SHALEIAH HENRY and LAWANDA GRIGGS, <br><br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SHELBY, and OFFICER AMBER HEFFNER, OFFICER AUSTIN SURRATT, OFFICER ELI SCARLETT, OFFICER JORDON GREENE, and SERGEANT BRANDON SPANGLER, in their official and individual capacities, <br><br> Defendants. | **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

**NOW COME** the Plaintiffs, Ahneiah Henry, Shaleiah Henry and Lawanda Griggs, by and through counsel, and allege, upon information and belief, as follows:

## I.  NATURE OF THE CASE

1.  This is a personal injury and civil rights action arising from the brutal and unjustified negligence, assault, battery, use of excessive force, and malicious prosecution committed by officers of the City of Shelby Police Department ("SPD").

2.  On February 9, 2023, Plaintiffs, who were visiting North Carolina for their grandmother's funeral, were violently, recklessly, and wrongfully assaulted and arrested by Defendant Officers, resulting in severe and permanent physical and psychological injuries.

3.      This case involves extreme and unconstitutional misconduct by Defendant Officer Amber Heffner and other SPD officers. After being lawfully present inside a Walmart store, Plaintiff Shaleiah Henry was violently arrested for trespassing by Defendant Heffner. Without justification or provocation, Defendant Heffner slammed Ms. Henry to the ground, causing her head to strike the floor, and violently twisted her arm, causing torn ligaments. Defendant Officers then continued to slam Ms. Henry into a door while she was handcuffed.

4.      During this violent and chaotic event, Plaintiff Ahneiah Henry, who was pregnant during this encounter, was also tackled by a male SPD officer, resulting in a traumatic assault which caused her to suffer a miscarriage. Plaintiff Lawanda Griggs, the mother of Shaleiah and Ahneiah, was forced to witness this horrific assault on her daughters before she, too, was wrongfully arrested.

5.      Following the violent assaults, Plaintiffs were subjected to baseless criminal charges, including assault on an officer, trespassing, and resisting arrest, all of which were ultimately dismissed. Underscoring the malicious nature of the prosecution and the baselessness of the charges, the primary arresting officer, Defendant Heffner, was subsequently terminated from her position and criminally charged with perjury for attempting to coach another officer's testimony regarding the events of this incident.

## II.      PARTIES

6.      Plaintiff Ahneiah Henry (hereinafter "Plaintiff Ahneiah" and "Ahneiah") is a citizen and resident of Essex County, New Jersey.

7.      Plaintiff Shaleiah Henry (hereinafter "Plaintiff Shaleiah" and "Shaleiah") is a citizen and resident of Essex County, New Jersey.

8.     Plaintiff Lawanda Griggs (hereinafter "Plaintiff Griggs" and "Ms. Griggs") is a citizen and resident of Essex County, New Jersey.

9.     Defendant City of Shelby is a municipal corporation organized under the laws of the State of North Carolina. The City maintains and operates the Shelby Police Department (hereinafter "Shelby PD" or "SPD"). Employees of the Shelby Police Department are employees and agents of the City, which bears legal responsibility under state law for the acts and omissions of the Shelby Police Department's employees undertaken in the course of their employment. The City is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

### III.     WAIVER OF SOVERIGN/GOVERNMENTAL, AND PUBLIC OFFICIAL IMMUNITY

10.     Upon information and belief, Defendant City of Shelby has waived governmental and sovereign immunity from civil liability in tort alleged herein pursuant to North Carolina General Statute § 160A-485 and/or through participation in a government risk pool or through purchase of commercial insurance that will indemnify the City and its agents for any judgment against it or its agents named in this action.

11.     By ordinance adopted by its elected Council pursuant to N.C.G.S. § 160A-485, the City has waived its governmental immunity from the tort liability and negligence of Shelby Police Department (hereinafter "SPD") police officers by the purchase of a liability insurance coverage policy or contract. That waiver applies to the claims set forth below.

12.     Defendants have waived any official, sovereign, or governmental immunity to which Defendants might otherwise have been entitled.

13. Defendant, City of Shelby, is and at all pertinent times has been a City, as defined by N.C. Gen. Stat. § 160A-1(2), chartered by the State of North Carolina. The City of Shelby operates and maintains a law enforcement agency known as the City of Shelby Police Department.

14. Additionally, Defendant City of Shelby is a municipal corporation located within Cleveland County, North Carolina and organized and existing under the laws of the State of North Carolina.

15. Upon information and belief, through its governing body -- the Shelby City Council -- Defendant City of Shelby has appropriated funds and establishes the budget for the Shelby Police Department and is responsible for the policies and practices established and carried out by the Shelby Police Department and Defendants Officer Amber Heffner, Officer Austin Surratt, Officer Eli Scarlett, Officer Jordan Greene and Sergeant Brandon Spangler. The City of Shelby has waived any applicable immunity defenses in tort by the purchase of general liability insurance.

16. At all times relevant to this action, Defendant SPD Officers Heffner, Surratt, Scarlett, Greene and Spangler were employees of the City of Shelby as law enforcement officers and acting as agents of the City of Shelby in their official capacity as Shelby police officers.

17. Upon information and belief, and at all relevant times to this action, Defendant Officer Amber Heffner was an adult citizen and resident of Catawba County, North Carolina, and was employed as a law enforcement officer with the Shelby Police Department.

18. Officer Heffner was hired by the Shelby Police Department in 2022 and was subsequently terminated for perjury and attempting to coach another officer's testimony. She is sued in her individual and official capacity for her role in the unlawful assault and battery of Plaintiffs.

19.     Alternatively, Officer Amber Heffner (also referred to as "Officer Heffner") is sued in her individual capacity under federal and state law for civil rights violations, assault and battery, and other unlawful conduct against Plaintiffs. Her conduct exceeded the scope of her lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Plaintiffs' constitutional rights and safety. Her conduct pierced any claim to public officer immunity she might invoke as to this individual capacity against state law claims.

20.     Upon information and belief, and at all relevant times to this action, Defendant Officer Austin Surratt was an adult citizen and resident of Rowan County, North Carolina, and was employed as a law enforcement officer with the Shelby Police Department serving as a Detective/Patrol Officer. He is sued in his individual and official capacity for his role in the unlawful conduct against Plaintiffs.

21.     Alternatively, Officer Austin Surratt (also referred to as "Officer Surratt") is sued in his individual capacity under federal and state law for civil rights violations, assault and battery, and other unlawful conduct against Plaintiffs. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Plaintiffs' constitutional rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against state law claims.

22.     Upon information and belief, and at all relevant times to this action, Defendant Sergeant Brandon Spangler was an adult citizen and resident of Cleveland County, North Carolina, and was employed as a supervisory law enforcement officer with the Shelby Police Department. He is sued in his individual and official capacity for his role in the unlawful conduct against Plaintiffs and his failure to properly supervise subordinate officers.

23. Alternatively, Sergeant Brandon Spangler (also referred to as "Sgt. Scarlett") is sued in his individual capacity under federal and state law for civil rights violations and other unlawful conduct against Plaintiffs. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Plaintiffs' constitutional rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against state law claims.

24. Upon information and belief, and at all relevant times to this action, Defendant Officer Jordan Greene was an adult citizen and resident of Cleveland County, North Carolina, and was employed as a law enforcement officer with the Shelby Police Department. He is sued in his individual and official capacity for his role in the unlawful conduct against Plaintiffs.

25. Alternatively, Officer Jordan Greene (also referred to as "Officer Greene") is sued in his individual capacity under federal and state law for civil rights violations and other unlawful conduct against Plaintiffs. His conduct exceeded the scope of his lawful authority, was intentional and exhibited willful and wanton and reckless disregard for Plaintiffs' constitutional rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against state law claims.

26. Upon information and belief, and at all relevant times to this action, Defendant Officer Eli "E.A." Scarlett was an adult citizen and resident of Rutherford County, North Carolina, and was employed as a law enforcement officer with the Shelby Police Department. He is sued in his individual and official capacity for his role in the unlawful conduct against Plaintiffs.

27. Alternatively, Officer Eli Scarlett (also referred to as "Officer Scarlett") is sued in his individual capacity under federal and state law for civil rights violations and other unlawful conduct against Plaintiffs. His conduct exceeded the scope of his lawful authority, was intentional

and exhibited willful and wanton and reckless disregard for Plaintiffs' constitutional rights and safety. His conduct pierced any claim to public officer immunity he might invoke as to this individual capacity against state law claims.

28.     All Shelby Police Department officers sued herein are entitled under North Carolina law to indemnification by the City of Shelby for any judgment entered against them in their official capacity, and the City of Shelby has expressly agreed to provide such indemnification through its insurance coverage and/or risk management agreements

### IV.     JURISDICTION AND VENUE

29.     This Court has original subject-matter jurisdiction because the claims asserted by Plaintiffs arise under North Carolina state law.

30.     This Court personal jurisdiction pursuant to N.C.G.S. § 1-75.4(1) because the claims set forth in this Complaint arises within the state of North Carolina, the claims are asserted against a party who is a natural person domiciled within North Carolina, a municipal corporation in North Carolina (City of Shelby), and official capacity Defendants in their course and scope of employment with a municipal corporation (City of Shelby).

31.     This action is brought pursuant to the laws and Constitution of the State of North Carolina and the laws and Constitution of the United States to recover damages for the tortious and unconstitutional acts of the Defendants.

32.     This Court has original subject-matter jurisdiction over the claims arising under North Carolina law pursuant to the North Carolina Constitution and N.C. Gen. Stat. § 7A-240, as this is a civil action in which the amount in controversy exceeds $25,000.00.

33.     This Court has concurrent subject-matter jurisdiction over Plaintiffs' federal claims, which are brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of

state law, of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

34. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 1988 because the claims asserted by Plaintiffs arise under the laws of the United States and seek redress for rights guaranteed by the United States Constitution and deprived under color of state law.

35. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all North Carolina state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

36. This Court has personal jurisdiction over the Defendants. Defendant City of Shelby is a municipal corporation organized and existing under the laws of North Carolina and located within Cleveland County. Upon information and belief, Defendant Officers Heffner, Surratt, Scarlett, Greene and Spangler are natural persons who are citizens and residents of North Carolina and are subject to jurisdiction in this Court. All the acts and omissions complained of herein occurred in Cleveland County, North Carolina.

37. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) the events giving rise to the claim occurred in this District, specifically in Cleveland County, North Carolina, and (ii) on information and belief, all Defendants reside in this District.

38. This Court has personal jurisdiction over all Defendants because the acts and omissions that form the basis of this lawsuit occurred within this District, and all individual Defendants were acting under color of state law as employees and agents of Defendant City of Shelby at all relevant times.

## V.     FACTUAL BACKGROUND

39.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40.     Plaintiffs are blood relatives and family members. Plaintiffs Ahneiah Henry and Shaleiah Henry are biological sisters and Plaintiff Lawanda Griggs is the biological mother of Plaintiffs Ahneiah Henry and Shaleiah Henry.

41.     On February 9, 2023, Plaintiffs Ahneiah Henry, Shaleiah Henry, and Lawanda Griggs were visiting Cleveland County, North Carolina to attend the funeral of their beloved grandmother.

42.     This was a time of profound grief and mourning for the Henry-Griggs family, as they had traveled from their home state of New Jersey to pay their final respects and support one another during this difficult period.

43.     On the evening of February 9, 2023, two of the three family members went to the Walmart Supercenter located at 705 E. Dixon Boulevard, Shelby, North Carolina 28152, to purchase necessary items for the funeral.

44.     While shopping at the Walmart store, Plaintiffs Shaleiah and Ahneiah Henry (hereinafter "Henry sisters") were accused of shoplifting by store personnel and escorted to the loss prevention center.

45.     Upon information and belief, Store loss prevention employee Paul Lessard was involved in the initial accusation against the Henry sisters, and they first encountered Officer Heffner and Officer Greene, who were called to scene of the Walmart to investigate this call for service related to shoplifting.

46.     Shelby Police Department officers responded to the scene and issued both Henry

sisters separate citations for the alleged shoplifting, and they were informed that they were also going to be banned from re-entering the premises or other Walmart locations, but were given the opportunity to call someone to the store to pay for the items before they officially left the premises.

47. Both Henry sisters were processed by the responding SPD officers and told that they could meet her mother, Plaintiff Lawanda Griggs, at the customer service desk inside the store.

48. Moments later, Plaintiff Griggs arrived at Walmart and spoke to a Walmart employee about the whereabouts of her daughters, Shaleiah and Ahneiah Henry. Plaintiff Griggs, a lawful business invitee and customer, was escorted by a Walmart employee and informed that she could accompany the Henry sisters to a self-checkout location to purchase the alleged stolen items and also to purchase her own items.

49. The Walmart employee explicitly approved and gave permission for both daughters to accompany their mother for this purchase.

50. Acting in reliance on this express permission from Walmart personnel, the family proceeded together to the self-checkout area where Plaintiff Griggs intended to complete her purchase.

51. While the family was at the self-checkout area, Defendant Officer Amber Heffner suddenly returned to the scene and began shouting in the direction of Plaintiffs, who were now leaving the self-checkout kiosk area where Plaintiff Griggs was a lawful business invitee and had completed the purchase of items. Plaintiffs Ahneiah and Shaleiah Henry were aware that this permitted transaction was now over and proceeded to exit Walmart, as they had agreed to do with Walmart staff and SPD Officers Heffner and Surratt.

52.     Without warning or justification, Officer Heffner announced her intent to arrest Plaintiff Shaleiah Henry for trespassing, despite the fact that Plaintiff Shaleiah Henry had explicit permission from Walmart personnel to be present in the store, had never left the store after leaving the loss prevention office, and was granted consent to stand alongside her mother while completing the transaction.

53.     Officer Heffner was observed "swinging her handcuffs in the air" in an aggressive and threatening manner as she approached Plaintiff Shaleiah Henry.

54.     Without any lawful justification or authority, and in complete disregard for Ms. Henry's constitutional rights, Officer Heffner violently attacked Plaintiff Shaleiah Henry.

55.     Officer Heffner forcefully slammed Ms. Henry's head, causing Plaintiff Shaleiah Henry to lose consciousness and fall to the ground. The violent head trauma inflicted by Officer Heffner was witnessed by numerous bystanders, including family members and other Walmart customers.

56.     Upon information and belief, while Plaintiff Shaleiah Henry was knocked unconscious and defenseless on the ground, a civilian bystander identified as "Dwayne" began choking Plaintiff Shaleiah Henry around her neck, assisting Officer Heffner with the brutal attack that resulted in apparent bodily injury to Shaleiah Henry.

57.     This civilian claimed, without any factual basis, that Plaintiff Shaleiah Henry was "trying to get the officer's gun," which was entirely false as Plaintiff Shaleiah Henry was unconscious and posed no threat to anyone. Officer Heffner repeated this statement as other SPD Officers arrived at the chaotic scene that was now unfolding at the entrance of this Walmart location.

58.     Officer Heffner allowed, encouraged, and adopted these statements and use this

as justification to continue choking Plaintiff Shaleiah Henry while she was unconscious, defenseless, and not resisting this arrest – despite it being unlawful and unjustified.

59.     When Plaintiff Shaleiah Henry regained consciousness, she found herself being choked by the civilian while Officer Heffner was attempting to handcuff her.

60.     During this unlawful arrest, Officer Heffner forcefully and intentionally bent Plaintiff Shaleiah Henry's right arm in an unnatural position, causing severe injury to her elbow and tearing ligaments.

61.     The force applied by Officer Heffner to Plaintiff Shaleiah Henry's arm was excessive, unnecessary, and caused immediate and lasting physical damage.

62.     After placing handcuffs on Plaintiff Shaleiah Henry, Officer Heffner continued her assault by repeatedly and violently slamming Shaleiah Henry's body against the glass doors of the Walmart store.

63.     This continued battery occurred while Plaintiff Shaleiah Henry was handcuffed and completely defenseless, demonstrating the purely malicious and retaliatory nature of Officer Heffner's conduct.

64.     The violent slamming of Plaintiff Shaleiah Henry against the store doors continued until another officer intervened and stopped Officer Heffner's assault.

65.     Following the brutal physical assault, Officers placed Plaintiff Shaleiah Henry in a police vehicle with all windows closed, creating dangerous conditions where Shaleiah Henry experienced difficulty breathing.

66.     The confined conditions in the police vehicle, combined with Shaleiah Henry's injuries from the assault, caused her significant distress and medical complications.

67.     During the same incident, Plaintiff Ahneiah Henry, who was twenty (20) weeks

pregnant at the time, attempted to leave the Walmart store. At the same time and place, Plaintiff Ahneiah Henry was trying to exit the premises, Defendant Officer Austin Surratt and other male officers violently tackled her to the ground.

68. The officers knew or should have known that Ms. Ahneiah Henry was pregnant, as her condition would have been visible at twenty weeks of pregnancy and Plaintiff Lawanda Griggs repeatedly yelled, "get off of her, she is pregnant" as Officer Surratt and other SPD Officers violently subdued Plaintiff Ahneiah Henry to the floor during the unlawful and unjustified arrest.

69. Despite knowing her pregnant condition, the SPD officers used excessive and unreasonable force against Plaintiff Ahneiah Henry, tackling her with such violence that it caused severe trauma to her unborn child.

70. As a direct and proximate result of Defendant SPD officers' excessive force, Plaintiff Ahneiah Henry suffered a miscarriage and lost her pregnancy, resulting in the traumatic death of her unborn child.

71. The loss of her pregnancy caused Plaintiff Ahneiah Henry devastating physical pain, emotional trauma, and lasting psychological injury.

72. At the same time and place, Plaintiff Lawanda Griggs was attempting to exit the Walmart, when she witnessed the commotion and immediately began to scream for help in the direction of her daughters.

73. As Plaintiff Griggs walked from the checkout kiosk to the exit of Walmart, SPD Officers violently approached Plaintiff Lawanda Griggs, and she too was unlawfully arrested by the Defendant Officers without probable cause and without having committed any criminal offense.

74. The arrest of Ms. Griggs appears to have been retaliatory in nature, intended to punish the family for questioning the officers' conduct toward Plaintiffs Shaleiah and Ahneiah Henry.

75. All three Plaintiffs were subjected to unlawful arrest, false imprisonment, unlawful detention, excessive use of force, and violation of their constitutional rights during this incident.

76. Following the incident, Plaintiff Shaleiah Henry was transported to Atrium Health Cleveland Emergency Department on February 10, 2023, where she received medical treatment for her injuries.

77. Medical examination revealed that Plaintiff Shaleiah Henry had sustained a contusion to her right elbow and significant head trauma from Officer Heffner's assault.

78. Plaintiff Shaleiah Henry reported severe headache pain rated 10 out of 10 and right elbow pain rated 8 out of 10, both directly resulting from Officer Heffner's unlawful use of force. Objective medical records from the emergency department evidence injuries that were consistent with being "slammed to the ground" by police officers.

79. Furthermore, Plaintiff Shaleiah Henry was also charged with multiple criminal offenses including assault on an officer, trespassing, and resisting arrest, all of which were baseless and later dismissed.

80. The criminal charges filed against Plaintiff Shaleiah were part of a pattern of retaliation and an attempt to justify the officers' unlawful conduct and malicious institution of criminal prosecution against Plaintiffs.

81. Upon information and belief, Defendant Officer Amber Heffner was subsequently charged with perjury or violation of several court rulings (i.e., sequestration) during

the criminal trial and in connection with her testimony regarding this incident.

82. Upon information and belief, Officer Heffner was also terminated from the Shelby Police Department for attempting to coach or interfere with the in-court testimony of another officer on what testimony to provide regarding the incident.

83. Plaintiffs note the significance of the criminal charges against Officer Heffner and her termination, which demonstrate that her conduct was not only excessive but also involved deliberate fabrications/omissions and malicious attempts to cover up the true factual evidence or information regarding the incident.

84. Upon information and belief, as a result of Officer Heffner's criminal conduct and termination, she is now legally prohibited from holding any government employment position.

85. The dismissal of all criminal charges against the Plaintiffs, combined with the perjurious charges against Officer Heffner, confirms that the Defendant Heffner's and Defendant SPD officers' actions were unlawful, unjustified, and illustrate a pattern of reckless indifference to the rights and safety of Plaintiffs.

86. The incident occurred in the presence of numerous witnesses, including Walmart customers and employees, who observed the officers' excessive and unlawful use of force. Furthermore, it was captured on various recording devices, including SPD officer body cameras and Walmart security cameras.

87. Plaintiffs were publicly embarrassed, victimized, humiliated, battered, assaulted, brutally arrested, and criminal charged with false charges, which undisputed video evidence shows were unprovoked by Plaintiffs.

88. Defendants conduct was objectively unreasonable under the circumstances and

violated clearly established constitutional rights of the Plaintiffs.

89.     Plaintiffs did not pose a threat to the safety of the officers, Walmart store personnel, or members of the public. The officers' use of force was purely punitive and retaliatory, serving no legitimate law enforcement purpose.

90.     Defendants acted with deliberate indifference to the Plaintiffs' constitutional rights and with conscious disregard for the serious harm their conduct would cause.

91.     As a direct and proximate result of the Defendants unlawful conduct, all three Plaintiffs have suffered severe and lasting physical, emotional, and psychological injuries that continue to impact their daily lives.

## VI.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Excessive Force in Violation of the Fourth Amendment under 42 U.S.C. § 1983 against Officer Defendants (Officer Amber Heffner, Officer Eli Scarlett, Officer Jordan Greene, Officer Austin Surratt and Sergeant Brandon Spangler ) – in their individual and official capacities.**

92.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93.     This claim is brought by all Plaintiffs against Defendants Officer Amber Heffner, Officer Austin Surratt, Officer Jordan Greene, Officer Eli Scarlett, and Sergeant Brandon Spangler, who are sued under this claim in their individual capacities.

94.     At all times relevant to this action, the individual Officer Defendants were acting within course and scope of their discharged duties and acting under color of law within the meaning of 42 U.S.C. § 1983.

95.     The Fourth Amendment to the United States Constitution guarantees citizens the right to be free from unreasonable searches and seizures, including the right to be free from the

use of excessive force during an arrest or detention.

96.     The individual Officer Defendants violated Plaintiffs clearly established constitutional rights under the Fourth Amendment by using objectively unreasonable and excessive force against them.

97.     Specifically, Defendant Officer Amber Heffner used excessive force against Plaintiff Shaleiah Henry by:

    a. Violently slamming Ms. Henry's head, causing her to lose consciousness;

    b. Forcefully and intentionally bending Ms. Henry's right arm in an unnatural position, causing severe injury to her elbow and tearing ligaments;

    c. Repeatedly and violently slamming Ms. Henry's body against the glass doors of the Walmart store while she was handcuffed and defenseless;

    d. Allowing and encouraging a civilian to choke Ms. Henry while she was unconscious and unable to defend herself.

98.     Defendant Officer Austin Surratt and other male officers used excessive force against Plaintiff Ahneiah Henry by violently tackling her to the ground despite knowing she was twenty weeks pregnant, causing her to suffer a miscarriage.

99.     The individual Officer Defendants used excessive force against Plaintiff Lawanda Griggs by unlawfully arresting her without probable cause in retaliation for questioning their conduct.

100.    At the time of the incident, no Plaintiff posed any threat to the safety of the officers or any other person.

101.    The force used by the individual Officer Defendants was objectively unreasonable under the circumstances and served no legitimate law enforcement purpose.

102. The individual Officer Defendants acted with deliberate indifference to Plaintiffs' constitutional rights and with conscious disregard for the serious harm their conduct would cause.

103. The constitutional rights violated by the individual Officer Defendants were clearly established at the time of the incident, such that a reasonable officer in the same circumstances would have understood that his or her conduct violated those rights.

104. As a direct and proximate result of the individual Officer Defendants' violations of Plaintiffs' Fourth Amendment rights, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

105. Plaintiffs are entitled to compensatory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**Municipal Liability under 42 U.S.C. § 1983 (*Monell* Claim) against Defendant City of Shelby and Sergeant Brandon Spangler, in his individual and official capacities.**

106. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

107. This claim is brought by all Plaintiffs against Defendant City of Shelby.

108. Defendant City of Shelby, through its policies, customs, practices, and deliberate indifference, violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution.

109. At all relevant times in this action, the Shelby Police Department was an a law enforcement agency granted power and authority by the City of Shelby, including the city manager and final policy decision-makers regarding SPD written policies, "best practices," training, custom, or unwritten ratified policy or conduct as it relates to the investigation of criminal activity by SPD of private citizens, making lawful arrest by SPD officers of private

citizens, initiating criminal prosecution or criminal charges by SPD officers against private citizens, and the use of force employed by SPD officers on private citizens.

110. The constitutional violations inflicted upon Plaintiffs were the result of an official policy, custom, or practice of Defendant City of Shelby, or were caused by a final policymaker of the City.

111. Upon information and belief, Defendant City of Shelby maintained policies, customs, and practices that encouraged, condoned, or were deliberately indifferent to the use of excessive force by its police officers.

112. As applied to 42 U.S.C. §1983 and *Monnell* municipal liability of Defendants, Plaintiffs allege, upon information and belief, that:

    a. The City of Shelby ("City") and Shelby Police Department ("SPD") maintained a municipal policy or custom which includes an SPD written policy or informal custom regarding the investigation of criminal activity, the investigation of alleged suspects of a crime, the procedure for swearing an affidavit or pleading criminal charges before a judicial officer (i.e., magistrate), initiating criminal prosecution based on probable cause, response to resistance and use-of-force to subdue or arrest an alleged subject.

    b. The City of Shelby, by and through the actions of a final policymaker, ratified, indemnified, or otherwise granted authority to SPD Officers, including Defendants, to carry out the written or informal policies related to the investigation of criminal activity, the investigation of alleged suspects of a crime, the procedure for swearing an affidavit or pleading criminal charges before a judicial officer (i.e., magistrate), initiating criminal prosecution based on probable cause,

response to resistance and use-of-force to subdue or arrest an alleged subject.

c. The City of Shelby and/or Shelby Police Department supervisors, decision-makers, or other persons in authority (i.e., "Officer-In-Charge") were required to train, screen, supervise, and uphold the proper law enforcement standards or best practices as it relates to the investigation of alleged suspects of a crime, the procedure for swearing an affidavit or pleading criminal charges before a judicial officer (i.e., magistrate), initiating criminal prosecution based on probable cause, response to resistance and use-of-force to subdue or arrest an alleged subject.

113. Upon information and belief, execution of the written policy or informal custom was executed and adhered to by Defendant Officers Heffner, Surratt, Greene, and Scarlett. Further Defendants celebrated the misconduct of Heffner, and their actions constitute a pattern, practice, custom, or policy that is so permanent and settled that it constitutes a formal policy regarding unlawful custodial arrests, excessive use of force, and malicious prosecution or fabrication of evidence leading to prosecution without probable cause, such as the actions taken against Plaintiffs, as described above.

114. Upon information and belief, Defendant City of Shelby failed to adequately train, supervise, screen, and discipline its police officers regarding the constitutional limits on the use of force against Plaintiffs, as described above.

115. Further, Defendant City, Defendant Sgt. Spangler, and SPD failed to train or supervise Defendant Officers Heffner, Surratt, Greene, and Scarlett; that Defendant City, by and through the actions of its' officers or final policymakers, acted with deliberate indifference for the rights and safety of Plaintiffs; and the failure to train or supervise caused a Constitutional violation in that Plaintiff's Fourth Amendment rights were violated by the unlawful arrest,

excessive use of force, and subsequent malicious and perjurious criminal prosecution without probable cause – that was later dismissed in favor of Plaintiffs.

116. Upon information and belief, Defendant City of Shelby had knowledge of a pattern of constitutional violations by its officers but failed to take corrective action.

117. The termination of Officer Amber Heffner for perjury and attempting to coach another officer's testimony demonstrates that the City was aware of serious misconduct within its police department.

118. Despite this knowledge, Defendant City of Shelby was deliberately indifferent to the risk that its officers would violate citizens' constitutional rights.

119. The City's inadequate policies, training, and supervision were the moving force behind the constitutional violations suffered by Plaintiffs.

120. The City's deliberate indifference to the risk of constitutional violations and its failure to implement adequate safeguards proximately caused the injuries suffered by Plaintiffs.

121. As a direct and proximate result of Defendant City of Shelby's policies, customs, practices, and deliberate indifference, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

122. Plaintiffs are entitled to compensatory damages and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**
**Fabrication of Evidence and Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 against Officer Defendants Amber Heffner, Eli Scarlett, Jordan Greene, Austin Surratt and Sergeant Brandon Spangler – in their individual and official capacities**

123. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

124. This claim is brought by Plaintiff Shaleiah Henry against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler, Officer Jordan Greene, and Officer Eli Scarlett, who are sued under this claim in their individual capacities.

125. The individual Officer Defendants violated Ms. Henry's rights under the Fourth and Fourteenth Amendments by fabricating evidence and pursuing a malicious prosecution against her.

126. Following the incident, the individual Officer Defendants caused Ms. Henry to be charged with multiple criminal offenses including assault on an officer, trespassing, and resisting arrest.

127. These charges were brought without probable cause and were based on false information provided by the individual Officer Defendants.

128. Specifically, Officer Amber Heffner provided false testimony regarding the incident, as evidenced by her subsequent termination for perjury and attempting to coach another officer's testimony.

129. The individual Officer Defendants knew or should have known that the charges against Shaleiah Henry were baseless, lacked probable cause, and fabricated evidence that either omitted exculpatory facts or failed to properly state the factual basis under the totality of circumstances – resulting in the unlawful arrest, detention, and prosecution of Plaintiff Shaleiah Henry.

130. The criminal prosecution of Shaleiah Henry was initiated and continued by the individual Officer Defendants for improper purposes, including retaliation for Shaleiah Henry's presence in the store and to justify their excessive use of force.

131. The fabricated evidence and false charges caused Shaleiah Henry to be subjected

to the criminal justice process, including arrest, detention, and prosecution.

132.     All criminal charges against Shaleiah Henry were ultimately dismissed, confirming the lack of probable cause for the prosecution.

133.     The individual Officer Defendants' conduct in fabricating evidence and pursuing a malicious prosecution violated Shaleiah Henry's clearly established constitutional rights.

134.     As a direct and proximate result of the individual Officer Defendants' fabrication of evidence and malicious prosecution, Shaleiah Henry has suffered and continues to suffer severe emotional distress, damage to her reputation, legal expenses, and other damages.

135.     Plaintiffs are entitled to compensatory damages, punitive damages, and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF
**Malicious Prosecution under North Carolina State Law against Officer Defendants Amber Heffner, Eli Scarlett, Jordan Greene, Austin Surratt and  Sergeant Brandon Spangler – in their individual and official capacities**

136.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

137.     This claim is brought by Plaintiff Shaleiah Henry against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler, Officer Jordan Greene, and Officer Eli (E.A.) Scarlett, who are sued under this claim in their individual capacities.

138.     The individual Officer Defendants maliciously instituted and pursued criminal proceedings against Ms. Henry without probable cause.

139.     The individual Officer Defendants initiated criminal charges against Ms. Henry for assault on an officer, trespassing, and resisting arrest.

140.     These charges were brought without probable cause, as the individual Officer Defendants knew or should have known that Shaleiah Henry and both Ahneiah Henry and

Lawanda Griggs, had not committed any criminal offense – specifically trespassing, resisting arrest, impersonating a law enforcement officer, or assault on a government official.

141. The individual Officer Defendants acted with malice in bringing these charges, intending to harm Plaintiffs and justify their own unlawful conduct.

142. The criminal proceedings terminated in Plaintiffs' favor when all charges were dismissed.

143. As a direct and proximate result of the individual Officer Defendants' malicious prosecution, Shaleiah Henry (along with Ahneiah Henry and Lawanda Griggs) suffered damages including emotional distress, damage to her reputation, legal expenses, and loss of liberty.

144. The individual Officer Defendants' conduct exceeded the scope of their lawful authority and exhibited willful and wanton disregard for Shaleiah Henry's (along with Ahneiah Henry and Lawanda Griggs) rights, thereby piercing any claim to public officer immunity.

145. Shaleiah Henry (along with Ahneiah Henry and Lawanda Griggs, collectively "Plaintiffs") is/are entitled to compensatory damages and punitive damages from the individual Officer Defendants.

### FIFTH CLAIM FOR RELIEF
**Assault and Battery under North Carolina Common Law against Officer Defendants Amber Heffner, Eli Scarlett, Jordan Greene , Austin Surratt and  Sergeant Brandon Spangler – in their individual and official capacities**

146. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

147. This claim is brought by all Plaintiffs against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler, Officer Jordan Greene, and Officer Eli (E.A.) Scarlett, who are sued under this claim in their individual capacities.

148. The individual Officer Defendants are liable for assault against Plaintiffs in that

they intentionally caused Plaintiffs to have reasonable apprehension of imminent harmful or offensive contact.

149. Specifically, Officer Amber Heffner committed assault against Plaintiff Shaleiah Henry by threatening her with imminent bodily harm while "swinging her handcuffs in the air" in an aggressive and threatening manner.

150. The individual Officer Defendants are liable for battery against Plaintiffs in that they intentionally caused harmful and offensive contact with Plaintiffs' persons.

151. Officer Amber Heffner committed battery against Plaintiff Shaleiah Henry by:

    a. Violently slamming Ms. Henry's head, causing her to lose consciousness;

    b. Forcefully bending Ms. Henry's right arm, causing injury to her elbow;

    c. Repeatedly slamming Ms. Henry's body against store doors while she was handcuffed.

152. Officer Austin Surratt and other male officers committed battery against Plaintiff Ahneiah Henry by violently tackling her to the ground while she was pregnant, causing her to suffer a miscarriage.

153. The individual Officer Defendants committed battery against Plaintiff Lawanda Griggs by unlawfully arresting and detaining her.

154. The contact inflicted by the individual Officer Defendants was harmful, offensive, and without Plaintiffs' consent.

155. The individual Officer Defendants' conduct was intentional and exceeded the scope of their lawful authority.

156. The individual Officer Defendants acted with willful and wanton disregard for Plaintiffs' rights and safety, thereby piercing any claim to public officer immunity.

157.     As a direct and proximate result of the individual Officer Defendants' assault and battery, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

158.     Plaintiffs are entitled to compensatory damages and punitive damages from the individual Officer Defendants.

### SIXTH CLAIM FOR RELIEF
**NEGLIGENCE:**
**(Officer Defendants Amber Heffner, Eli Scarlett, Jordan Greene , Austin Surratt and Sergeant Brandon Spangler – in their individual and official capacities)**

159.     Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

160.     This claim is brought by all Plaintiffs against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler,, Officer Jordan Greene, and Officer Eli (E.A.) Scarlett, who are sued under this claim in their individual capacities.

161.     The individual Officer Defendants owed Plaintiffs a duty to act reasonably and with due care in carrying out their law enforcement duties.

162.     The individual Officer Defendants had a duty to use only reasonable force necessary to effectuate lawful arrests and to protect the safety of citizens.

163.     The individual Officer Defendants breached their duty of care by acting unreasonably and negligently in their treatment of Plaintiffs.

164.     The individual Officer Defendants' negligent conduct included:

   a.   Using excessive and unreasonable force against Plaintiffs;

   b.   Failing to properly assess the situation before using force;

   c.   Failing to de-escalate the situation;

   d.   Allowing a civilian to assault an unconscious person;

e. Arresting Plaintiffs without probable cause.

165. The individual Officer Defendants' negligent conduct was the proximate cause of Plaintiffs' injuries and damages.

166. The individual Officer Defendants acted with gross negligence, willful misconduct, and malice, thereby piercing any claim to public officer immunity.

167. As a direct and proximate result of the individual Officer Defendants' negligence, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

168. Plaintiffs are entitled to compensatory damages and punitive damages from the individual Officer Defendants.

### SEVENTH CLAIM FOR RELIEF
**Negligence - Respondeat Superior/Vicarious Liability against Defendant City of Shelby**

169. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

170. This claim is brought by all Plaintiffs against Defendant City of Shelby.

171. At all relevant times, the individual Officer Defendants were employees and agents of Defendant City of Shelby, acting within the course and scope of their employment.

172. The negligent acts of the individual Officer Defendants, as alleged above, are imputed to Defendant City of Shelby under the doctrine of respondeat superior.

173. Defendant City of Shelby, upon information and belief, has waived governmental immunity for this claim through statute and/or insurance coverage.

174. As the principal and employer of the individual Officer Defendants, Defendant City of Shelby is vicariously liable for the negligent acts and omissions of its employees committed within the scope of their employment.

175. The City ratified the conduct of the individual Officer Defendants through its failure to take appropriate disciplinary action and its initial support of their actions.

176. As a direct and proximate result of the negligence of its employees, for which Defendant City of Shelby is vicariously liable, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

177. Plaintiffs are entitled to compensatory damages from Defendant City of Shelby.

## EIGHTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress against Individual Officer Defendants

178. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

179. This claim is brought by all Plaintiffs against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler, Officer Jordan Greene, and Officer Eli Scarlett, who are sued under this claim in their individual capacities.

180. The individual Officer Defendants negligently inflicted severe emotional distress upon Plaintiffs through their unreasonable and excessive conduct.

181. The individual Officer Defendants' negligent conduct created a foreseeable risk of causing severe emotional distress to Plaintiffs.

182. A reasonable person in the individual Officer Defendants' position could have foreseen that their conduct would likely cause severe emotional distress to Plaintiffs.

183. The individual Officer Defendants were aware of Plaintiffs' presence during the incident and should have foreseen the emotional impact of their actions.

184. The individual Officer Defendants' conduct was such that a reasonable person could have foreseen would produce severe emotional distress.

185. As a direct and proximate result of the individual Officer Defendants' negligent conduct, Plaintiffs have suffered and continue to suffer severe emotional distress, including anxiety, depression, post-traumatic stress disorder, sleep disturbances, and other psychological injuries.

186. The individual Officer Defendants' conduct exceeded the scope of their lawful authority and exhibited willful and wanton disregard for Plaintiffs' emotional well-being, thereby piercing any claim to public officer immunity.

187. Plaintiffs are entitled to compensatory damages and punitive damages from the individual Officer Defendants.

**NINTH CLAIM FOR RELIEF**
**Negligent Training, Supervision, and Retention:**
**(Defendant City of Shelby and Defendant Sergeant Brandon Spangler, in his individual and official capacity.)**

188. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

189. This claim is brought by all Plaintiffs against Defendant City of Shelby.

190. Defendant City of Shelby had a duty to properly train, supervise, and retain its police officers to ensure they would act within constitutional and legal limits.

191. Defendant City of Shelby negligently failed to adequately train its officers regarding:

a. The constitutional limits on the use of force;

b. Proper arrest procedures and probable cause requirements;

c. De-escalation techniques;

d. Interactions with pregnant women and other vulnerable populations;

e. Proper reporting and documentation of incidents.

192. Defendant City of Shelby negligently failed to adequately supervise its officers to ensure compliance with constitutional requirements and departmental policies.

193. Defendant City of Shelby negligently retained officers despite knowledge of their propensity for misconduct or unfitness for duty.

194. The termination of Officer Amber Heffner for perjury and coaching another officer demonstrates the City's failure to properly screen, train, and supervise its officers.

195. Upon information and belief, Defendant City of Shelby was aware or should have been aware of a pattern of excessive force and misconduct by its officers but failed to take corrective action.

196. The City's negligent training, supervision, and retention policies were a proximate cause of the constitutional violations and injuries suffered by Plaintiffs.

197. Defendant City of Shelby, upon information and belief, has waived governmental immunity for this claim through statute and/or insurance coverage.

198. As a direct and proximate result of Defendant City of Shelby's negligent training, supervision, and retention, Plaintiffs have suffered and continue to suffer severe physical injuries, emotional distress, pain and suffering, medical expenses, and other damages.

199. Plaintiffs are entitled to compensatory damages from Defendant City of Shelby.

**TENTH CLAIM FOR RELIEF**
**INDEMNIFICATION and RATIFICATION against Defendant City of Shelby**

200. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

201. This claim is brought by all Plaintiffs against Defendants Officer Amber Heffner, Officer Austin Surratt, Sergeant Brandon Spangler, Officer Jordan Greene, and Officer Eli (E.A.) Scarlett, who are sued under this claim in their individual and official capacities.

202. Defendant City of Shelby is permitted by state law and, upon information and belief, has elected to indemnify and pay any final judgment against its employees that results from acts done or omissions made in the scope and course of their employment with the City.

203. In committing the acts alleged in this Complaint, the individual Officer Defendants were at all times employees of Defendant City of Shelby and acting within the course and scope of their employment.

204. Defendant City of Shelby is obligated to indemnify the individual Officer Defendants for any judgment entered against them arising from their conduct as alleged herein.

205. Plaintiffs seek judgment against Defendant City of Shelby for any amounts awarded against the individual Officer Defendants in their individual capacities.

## VII. COMPENSATORY DAMAGES

206. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

207. As a direct and proximate cause of Defendants actions and omissions, as described above, Plaintiffs have sustained damages and will continue to sustain damages in the future, including but not limited to the following:

a. Physical injuries;

b. Pain and suffering;

c. Medical expenses;

d. Lost wages, income, or earnings; and

e. Such other damages as may be shown at trial.

208. As direct and proximate result of these personal injuries, Plaintiffs are entitled to recover damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

## VIII. PUNITIVE DAMAGES

209. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

210. The actions of Defendant City and Defendants Officers Heffner, Scarlett, Greene Surratt, and Sergeant Spangler (in their individual and official capacities), as described herein, were committed with malice and/or with willful and wanton conduct.

211. Defendant Officers' conduct, including the brutal and unjustified use of force, the fabrication of evidence, and the malicious institution of criminal charges, demonstrated a conscious and intentional disregard of and indifference to the rights and safety of the Plaintiffs.

212. Pursuant to N.C. Gen. Stat. § 1D-15, Plaintiffs are entitled to recover punitive damages from Defendant City by the actions of their agents, acting in their official capacity and in furtherance of the City's business; and against the Defendant Officers Heffner, Scarlett, Greene, Surratt, and Sergeant Spangler in their individual and official capacities in an amount sufficient to punish them for their wrongful conduct and to deter them and others from similar conduct in the future.

213. As direct and proximate result of these personal injuries, Plaintiffs are entitled to recover damages in excess of Twenty-Five Thousand Dollars ($25,000.00).

214. As result of Defendants' willful and wanton conduct, Plaintiffs are entitled to recover Punitive Damages from Defendants in an amount to be determined at trial.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and order relief as follows:

A. Compensatory damages against all Defendants, jointly and severally, in an amount

to be determined at trial;

B.   Trial by jury of all issues of fact so triable;

C.   Pre-judgment and post-judgment interest as provided by law;

D.   The costs of this action;

E.   Punitive damages against all applicable Defendants in their individual capacities, jointly and severally, in an amount to be determined at trial;

F.   Pre-judgment and post-judgment interest and recovery of costs, as well as reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and any other applicable laws;

G.   Such other relief as this Court deems just and proper.

## X.   JURY DEMAND

Plaintiffs respectfully demand a trial by jury of all issues in this matter so triable pursuant to North Carolina Rule of Civil Procedure 38.

This the 2nd day of June 2026.

**LAW OFFICES OF JAMES SCOTT FARRIN**
*Attorneys for Plaintiff*

**/s/ Nichad Davis**
Nichad Davis (NC State Bar No. 56297)
555 S. Mangum Street, Suite 800
Durham, North Carolina  27701
Telephone:  (919) 688-4991
Facsimile:  (919) 688-4468
Email: ndavis@farrin.com